The **TRAVELERS INDEMNITY COMPANY**

v.

**ALLIED–SIGNAL, INC.**

Civ. No. JFM–88–99.

United States District Court, D. Maryland.

Jan. 3, 1989.

James P. Ulwick, Kramon & Graham, P.A., Baltimore, Md., and Barry R. Ostrager, Simpson, Thacher & Bartlett, New York City, for plaintiff.

Rudolph L. Rose, Semmes, Bowen & Semmes, Baltimore, Md., Arthur S. Olick, Anderson, Russell, Kill & Olick, P.C., and Steven I. Froot, New York City, for defendant.

### MEMORANDUM

MOTZ, District Judge.

Allied has moved to compel production of documents from Travelers' special liability coverage unit ("SLCU"). The categories of documents in dispute are as follows:

(1) internal memoranda between SLCU lawyers and SLCU investigators pre-

pared before and after the commencement of this lawsuit;

(2) communications between the SLCU and other Travelers personnel relating to requests by Travelers personnel for legal advice from the SLCU, requests by the SLCU to Travelers personnel for information in anticipation of this lawsuit or for purposes of legal analysis by SLCU lawyers, and requests by the SLCU to Travelers personnel for information for the prosecution of this lawsuit;

(3) notes or file memoranda prepared by SLCU members containing their mental impressions in anticipation of this lawsuit or after this lawsuit was commenced;

(4) correspondence between the SLCU and outside counsel in anticipation of or concerning the prosecution of this lawsuit;

(5) investigative reports concerning Allied sites prepared after the commencement of this lawsuit by the SLCU and outside investigators for Travelers counsel; and

(6) photographs taken at the direction of the SLCU or outside counsel after the commencement of the lawsuit.

The relevant facts may be very briefly stated. The SLCU was formed by Travelers in or about January 1986 in response to what Travelers characterizes as "an explosion of lawsuits commenced against Travelers (and other insurers) seeking billions of dollars of insurance coverage for claims involving long-term industrial pollution." The purpose of the SLCU is to coordinate, investigate and advise management in relation to such claims. The SLCU does not have jurisdiction over all hazardous waste claims but only those allegedly resulting from the insured's routine operations (as opposed to the occurrence of an accidental event). In number, such claims constitute approximately one half of one percent of the total number of claims as to which Travelers is asked to provide coverage. The SLCU is part of Travelers' Law Department. Some of its members are lawyers but others are not.

Allied's motion will be denied on the ground that the documents which it seeks constitutes attorney work product prepared in anticipation of litigation.[1] The reasons for this ruling are as follows.

First, there can be no question that at the time the SLCU unit was formed there existed an identifiable prospect of litigation between Travelers and its insureds over coverage issues in cases such as this. Within recent years insurers and insureds have been greatly at odds with one another concerning the scope of hazardous waste pollution coverage, and, at least until the issues have been definitively resolved by the Courts, litigation over them is virtually inevitable. Such an "identifiable prospect of litigation" is sufficient to meet the "anticipation of litigation" test. *See, e.g., United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.), *cert. denied* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *Hercules Inc. v. Exxon Corp.,* 434 F.Supp. 136, 151 (D.Del.1977).

Second, Travelers has not sought to prevent the production of any document which found its way into the SLCU's files but only documents which by category are reasonably related to the anticipated litigation.

Third, this case does not involve a "routine" claim as to which the only prospect of litigation is that which generally exists whenever insurance coverage is requested. *Compare APL Corp. v. Aetna Casualty & Surety Co.,* 91 F.R.D. 10 (D.Md.1980). Rather, the claim here is one which falls within a specifically defined category as to which experience has demonstrated that a substantial coverage dispute will arise.[2]

---

1. Because this Court finds that the documents in question constitute work product and because Allied has not demonstrated any "substantial need" for any particular documents (or any "undue hardship" resulting from the non-production of them), this Court need not reach the question of which, if any, of the SLCU documents are covered by the attorney/client privilege.

2. It is to be noted that Travelers has established a procedure whereby "routine" processing of claims for hazardous waste pollution arising from the insured's general operations is handled, upon the request of the insured, by Travel-

Fourth, Allied's contention that Travelers is merely being benefitted by its own internal reorganization is unpersuasive. The internal reorganization was itself prompted by the coverage litigation which was anticipated, and it constituted a reasonable response to that anticipated litigation.

Fifth, Allied's assertion of a claim against Travelers for bad faith in refusing to provide coverage does not presently provide a sound ground for ordering production of the contested documents. In light of the inconsistent judicial precedents on the issues presented, this Court is not prepared to permit the mere assertion of the "bad faith" claim to be used as a means to obtain discovery which otherwise would be inappropriate. Of course, if at a later stage of the litigation the Court is persuaded that Travelers has acted in bad faith, discovery of the SLCU files can then be reconsidered.

ers' Claim Department. In such instances a "Chinese Wall" is constructed between the Claims Department and the SLCU which can be crossed only with the consent of the insured.

Any routine processing documents in the files of the Claims Department are, of course, discoverable.